UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No.: C07-1095 CRD <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Lynn Johnson appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA" or the "Act"), 42 U.S.C sections 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for additional administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff was forty-seven years old at the alleged disability onset date. She has an eleventh grade education and has work experience as a meat packager, mink farm pelter, cashier, maid, and kitchen helper. Plaintiff applied for SSI and DIB in March 2000 and later amended her disability period to include November 1998 through August 2000. Her claim was denied initially and upon reconsideration, and she timely requested an ALJ hearing.

ORDER - 1

A *de novo* hearing before ALJ Filion was held and resulted in an adverse decision on November 18, 2002. Plaintiff appealed to the Appeals Council, who remanded the case with instructions to the ALJ. ALJ Filion held a second hearing and on November 4, 2003 issued a second adverse decision. Plaintiff again appealed to the Appeals Council which again remanded, but to a different ALJ. On October 18, 2006, a third hearing was held before ALJ Dethloff. ALJ Dethloff issued a decision on December 16, 2006 denying disability. Plaintiff requested review by the Appeals Council and review was denied, rendering the last ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On July 13, 2007, Plaintiff initiated this civil action for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

///
///
///

## IV. THE DISABILITY EVALUATION

As the claimant, Ms. Johnson bears the burden of proving that she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. In the present case, the ALJ found Plaintiff did not have a severe impairment at step two and ended the inquiry at that step. All five steps of the standard disability evaluation are set forth below; the prior two ALJ decisions regarding this same claim proceeded through step five.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 18, Finding 2. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. The ALJ here found that Plaintiff's impairments include affective disorder, personality disorder, and intermittent substance abuse (AR at 18), however, he concluded that because none of the impairments "significantly limited…the ability to perform basic work-

related activities for 12 consecutive months" none of the impairments were severe (AR at 21). If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ ended the stepwise analysis at this point and concluded Plaintiff was not disabled for the closed period at issue. AR at 23.

If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In Plaintiff's first two ALJ decisions, the ALJ found she did not meet any listing and concluded that she retained the residual functional capacity to perform work that does not involve high stress levels, including her past relevant work of meat packager, mink farm pelter, cashier, maid, and kitchen helper. AR at 342; 389.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Whether the ALJ erred by not following the Appeals Council order.

2. Whether the ALJ's decision was based on substantial evidence.

Dkt. No. 16.

# VI. DISCUSSION

*A.     The ALJ failed to follow the directives of the Appeals Council order and SSA policy.*

Over a period of nearly six years, Plaintiff has been through three ALJ hearings for her claim. The first ALJ hearing resulted in a decision concluding Plaintiff is not disabled because she retained the RFC to perform low stress work, including her past work. AR at 336-43. The Appeals Council remanded the decision back to the ALJ based on lack of substantial evidence and included instructions regarding Plaintiff's RFC determination for the ALJ to follow on remand. AR at 348-49. On remand, the same ALJ issued a second denial similar to the first decision. AR at 382-89. The Appeals Council remanded again for the ALJ's failure to follow the remand instructions, this time directing that a different ALJ take the case and ordering the new ALJ to follow the same explicit remand instructions. AR at 396-97. As in the first remand order, the second remand order set forth specific issues regarding Plaintiff's RFC (the step four determination) for the new ALJ to address. The relevant portions of the remand order to the new ALJ are:

> The Appeals Council grants the request for review under the substantial evidence provision of the Social Security Administration regulations (20 CFR 404.970 and 416.1470).
> …
> The Administrative Law Judge was directed to give further consideration to the claimant's maximum residual functional capacity in accordance with the guidance in 20 CFR 404.1545, 416.945 and Social Security Ruling 96-8p; to express the claimant's nonexertional capacity in terms of work-related functions and because the claimant requires a less stressful situation, to expressly consider what circumstances are stressful for the claimant (Social Security Ruling 85-15); compare the physical and mental demands of the claimant's past relevant work to her residual functional capacity; and if warranted, to obtain evidence from a vocational expert.
> The Administrative Law Judge's decision does not comply with the Appeals Council's remand order…
> Upon remand the Administrative Law Judge will:
> - Comply with the Appeals Council's [first] remand order of April 11, 2003.
> - Obtain vocational evidence sufficient to allow a comparison between the claimant's residual functional capacity and the mental and physical demands of her past relevant work (20 CFR 404.1560, 416.960 and Social Security Rulings 82-61 and 82-62).

> …
> As this case was previously remanded to the same Administrative Law Judge, the Appeals Council directs that, upon remand, this case be assigned to another Administrative Law Judge.

AR at 396-97.

Following the second remand order, ALJ Dethloff held Plaintiff's third administrative hearing and issued a decision on December 13, 2006 finding Plaintiff not disabled. The ALJ found that Plaintiff had no severe impairment at step two of the disability analysis, finding none of her impairments lasted for twelve months or longer. AR at 21. The ALJ decided the case *de novo*; in so doing, the ALJ did not reach the step four issue directed by the Appeal Council in its two remand orders.

Plaintiff contends that the ALJ erred in failing to follow the remand order that directed the ALJ to give further explanation at step four of the disability analysis. Plaintiff similarly argues that the law of the case doctrine applies. The law of the case doctrine stands for the principle that previously decided issues become the law of the case for subsequent proceedings. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Minidoka Irrigation Dist. v. Dept. of Interior,* 406 F.3d 567, 573 (9th Cir. 2005). Defendant argues that the doctrine does not apply when the Appeals Council, rather than a District Court, remands. Defendant further asserts that the ALJ's decision is supported by substantial evidence and that the ALJ did not commit error by reviewing Plaintiff's claim *de novo*. Dkt. 18 at 3. Defendant cites *Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984), for the proposition that once a case is vacated by the Appeals Counsel and remanded to another ALJ, the first decision is not entitled to *res judicata* effect nor does the law of the case doctrine apply. This Court disagrees with Defendant's contention that once the Appeals Council remands, the prior decision necessarily becomes irrelevant. This cannot be true where the Appeals Council directs the ALJ on remand to elaborate on a specific point in the prior decision. *Lomardo* does not indicate whether the Appeals Council remanded with specific instructions for the ALJ on remand to build on the prior ALJ's opinion, as is the case here, or whether the remand was a simple remand without further

direction. Defendant also cites *Holst v. Bowen*, 637 F.Supp 145, 147 (E.D. Wash. 1986)[1] for the same principle. Dkt. 18 at 4. However, neither *Lombardo* nor *Holst* held that the prior ALJ decision is no longer the law of the case where the Appeals Council remands for additional analysis at a particular step of the prior ALJ opinion.[2]

Here, the Appeals Council did not find that the first ALJ's determination at steps one through three were in error; the remand order specifically directed the new ALJ to start from the prior decision at step four and to reconsider Plaintiff's RFC **at that step**. Such explicit direction (twice) by the Appeals Council to provide further analysis at step four implicitly left intact the findings at steps one through three. Defendant cites no authority that permits the ALJ to ignore the twice-given remand instructions of the Appeals Council.

In reviewing the ALJ's decision, the Court finds that the ALJ's procedures were not compliant with the remand order of the Appeals Council. The ALJ should have reiterated steps one through three from the prior decision and expounded upon step four as the Appeals Council ordered. Although Defendant argues that a *de novo* determination was permissible because the Appeals Council vacated the prior decision, the Court disagrees. SSA regulations provide that "the administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). Here, the Appeals Council directed the ALJ to comply with its prior remand order and specifically to "obtain vocational evidence sufficient to allow a comparison between the claimant's residual functional capacity and the mental and physical demands of her past relevant work." AR at 397. The ALJ's task was clear, yet the ALJ did not note the explicit

---

[1] Defendant incorrectly cites the case as a Ninth Circuit Court of Appeals case.

[2] Following the logic of *Holst* and remanding for an award of benefits, the district court in *Ischay v. Barnhart*, 383 F.Supp.2d 1199 (C.D. Cal. 2005), noted, "[i]n *Holst*, in the wake of the ALJ's decision that the claimant was only entitled to closed-end disability, the claimant filed suit in federal court; the district court granted his motion for summary judgment and remanded the case to the [Appeals Counsel] with general instructions to the Agency to reconsider the matter in light of several then-recent Ninth Circuit authorities. Although the remand order also permitted the taking of additional evidence, '**[n]othing in the order of remand even remotely suggest[ed] that granting plaintiff's motion in this limited regard concurrently gave the ALJ leave to conduct *de novo* proceedings.**'" Citing *Holst*, 637 F.Supp. at 145 n. 1 (emphasis added).

directive, nor address the fact that this was a second remand for failure of the first ALJ to follow the prior remand instructions. At the hearing the ALJ vaguely mentioned Plaintiff's stress management concerns (AR at 482, 487), however he did not discuss why he wholly reevaluated the case from step two rather than step four as ordered.

The Appeals Council order did not give the ALJ the option to redetermine the entire case. To do so without giving Plaintiff notice is inconsistent and unjust. Had Plaintiff received notice of the possible redetermination of her entire case, she may have presented her case differently or brought forth additional evidence. Plaintiff requested a hearing and attended with the expectation that the ALJ would be following the twice-remanded decision for further analysis at step four. The SSA must play by its own codified rules and should not change the rules once the game has begun. Regulation 20 CFR 416.1477(b) mandates that the ALJ **shall** follow the direction of the Appeals Council. The ALJ failed to follow proper procedure to comply with remand order and neither Defendant nor the ALJ have given any explanation as to how the ALJ was within his authority to ignore the Appeals Council order. Plaintiff is required to follow the strict SSA procedural rules, as is Defendant. Given the lengthy procedural history of this case, it was imperative that the ALJ take great care and follow the directions of the Appeals Council order. The ALJ did not do so; he did not acknowledge the order nor make any attempt at compliance. On remand, an ALJ will once again have the opportunity to comply with the Appeals Council order. Although the Court is loath to remand this case for a **fourth** ALJ hearing and decision, the last ALJ's decision leaves this Court no choice. It is unfortunate that the Appeals Counsel did not note on review that their remand order was ignored once again by the ALJ. Because the ALJ's decision did not comply with the Appeals Council order, SSA policy or regulations, there remain issues that an ALJ must resolve. Accordingly, this Court must remand for further proceedings.

### B. *Substantial Evidence*

As discussed above, the ALJ's decision was in error because it did not comply with the Appeals Council's remand order based on lack of substantial evidence under 20 CFR 404.970 and 416.1470. Substantive review of the ALJ's decision is therefore not necessary. Regardless,

the Court notes that the ALJ's finding at step two also does not appear to be based on substantial evidence.

The ALJ concluded that Plaintiff's impairments were not severe because they did not last for twelve months or longer, as required to pass step two of the disability determination. AR at 21. At the hearing, a medical expert testified and the ALJ found that "his testimony seemed to take into consideration only a short period of time and did not address whether the limitations he suggested had lasted for a year or whether the symptoms had been expected to last for a year." AR at 23. If the ALJ was unclear as to the medical expert's testimony regarding the duration of Plaintiff's impairments, the ALJ should have asked for clarification while he was questioning the medical expert. The ALJ has a duty to ensure the administrative record is complete; if ambiguities exist in medical opinions, the ALJ is required to seek clarification. Because the ALJ's decision turned on whether Plaintiff met the durational requirement, clarity in the medical expert's opinion was especially important. Moreover, other medical evidence in file shows Plaintiff had psychological problems before, during, and after the closed period at issue. Step two is a *de minimis* screening step to prevent frivolous claims, and the ALJ is required to consider the claimant's subjective symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The Court notes that the prior two ALJ decisions and the Appeals Council did not find Plaintiff's claim insufficient to pass step two scrutiny, and the ALJ's reasons for finding so here are not based on substantial evidence. Additionally, the Court notes the ALJ failed to address two lay witness statements, those of Ms. Jefferson (AR at 76-79) and Ms. Bradley (AR at 83-86). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (internal citations omitted).

## VII. CONCLUSION

For the foregoing reasons, this Court concludes that the ALJ failed to comply with the Appeals Council order and thus the ALJ's decision is not based on substantial evidence. As twice explained by the Appeals Council, additional issues remain to be resolved at step four.

Therefore, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings as set forth in the Appeals Council order of June 30, 2006 (AR at 396-97), which, among other instructions, directs the ALJ to begin at step four and compare Plaintiff's residual functional capacity with the demands of her past work.

DATED this 24th day of July, 2008.

/s/ Carolyn R. Dimmick
Carolyn R. Dimmick
United States District Judge

ORDER - 10